## CUMMINGS' CASE.

If in a complaint of larceny, made to a Justice of the Peace, the goods alleged to have been stolen are described in a schedule annexed to the complaint, and not in the body of the complaint, it is bad.

THE record of a conviction of *Cummings* of the crime of larceny before a Justice of the Peace, being brought into this Court by *certiorari*, it appeared that in the complaint he was charged with having stolen " *the goods in the schedule hereunto annexed* ;" and no schedule came up with the record.

PER CURIAM. If the reference to a schedule were *good*, yet there being none in this case, the record must be quashed. But the practice of referring to a schedule annexed is too loose, and without precedent to support it. The description of the goods alleged to have been stolen should be contained in the body of the complaint. The schedule may be lost, or detached ; and then no certainty can exist as to the nature of the charge ;—and in the present case the defendant could not have pleaded the conviction in bar of a second prosecution.

*Morgan* for the defendant.